IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER DILWORTH            PLAINTIFF

vs.            No. 1:05CV327-D-D

TISHOMINGO COUNTY; GLENN
WHITLOCK, ROBBIE COMER and
SCOTT HYDE, Individually            DEFENDANTS

## OPINION GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendants' motion for summary judgment. Upon due consideration, the court finds that the motion should be granted in part and denied in part. The Plaintiff's claims against Glenn Whitlock, Robbie Comer and Scott Hyde are dismissed, with the Plaintiff's claim against Tishomingo County remaining pending for trial.

### A. Factual Background

On October 8, 2005, the Plaintiff and his brother, who were traveling in the Plaintiff's vehicle in Burnsville, Mississippi, were stopped by a City of Burnsville police officer for having an expired tag and for careless driving.[1] After Deputies from the Tishomingo County Sheriff's Department arrived on the scene, the Plaintiff was arrested and charged with careless driving, improper equipment and expired tag. The Plaintiff was booked into the Tishomingo County Jail by the Defendant Robbie Comer; he was subsequently strip searched and was not immediately permitted to bond out of jail due to a hold being placed on him by the Defendant Scott Hyde in order for a search of the Plaintiff's vehicle to take place. The Plaintiff was permitted to post bond the next day, October 9, 2005, and his vehicle was made available to him later that same day.

---

[1] Neither the stopping officer, Christina Shipman, nor the Burnsville Police Department are parties to this suit.

On December 13, 2005, the Plaintiff filed the current action pursuant to 42 U.S.C. § 1983 against Tishomingo County and against Officers Glenn Whitlock, Robbie Comer and Scott Hyde, in their individual capacities, claiming that the Defendants conducted a constitutionally impermissible strip search and wrongly placed a hold on the Plaintiff and searched his vehicle. The Defendants have now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before

finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Public officials, including police officers, are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis v. Scherer, 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L. Ed. 2d 139 (1984); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); Sappington v. Ulrich, 868 F. Supp. 194, 198 (E.D. Tex. 1994).

In ruling on a defendant's claim of qualified immunity, a court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert v. Gilley, 500 U.S. 226, 230, 111 S.Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the official's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L. Ed. 2d 589 (1991); Pfannstiel v. Marion, 918 F.2d 1178, 1183 (5th Cir. 1990).

Local governments, such as Tishomingo County, may be sued for constitutional deprivations visited pursuant to governmental policy or custom even though such a policy or custom has not received formal approval through the body's official decision-making channels. Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978); see Grabowski v. Jackson County Public Defenders Office, 79 F.3d 478, 479 (5th Cir. 1996) (*en banc*) (holding that municipalities may be held liable for acts which violated a citizen's constitutional rights if the alleged harmful actions resulted from a policy, custom, or practice that evinced objective deliberate indifference to the citizen's constitutional rights).

This "policy or custom" may also be created by those whose "edicts or acts" may fairly be said to represent official policy. Monell, 436 U.S. at 694. But, only those municipal officials who have "final policymaking authority" may, by their edicts or acts, subject the government to §1983 liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298-99, 89 L. Ed. 2d 452 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L. Ed. 2d 107 (1988).

## C. Discussion

The Plaintiff has sued both Tishomingo County and Officers Whitlock, Comer and Hyde individually. As for the Plaintiff's claim against the County, the court notes that asserting a claim against a government entity itself requires a plaintiff to make out Monell-type proof of an official policy or custom as the cause of the subject constitutional violation.

### 1. The Plaintiff's Claims against Tishomingo County

The Plaintiff asserts a claim against Tishomingo County, asserting that the County has an unconstitutional policy regarding strip searches of arrestees, and that this policy caused the Plaintiff's constitutional rights to be deprived. In order to advance this claim, the Plaintiff must demonstrate that he suffered a constitutional deprivation, that the deprivation occurred pursuant to a custom or policy of the County, and that there is a direct causal link between the custom or policy and the deprivation. See, e.g., Monell, 436 U.S. at 691.

The subject policy provides that all arrestees, regardless of the severity of the charges pending against them or of the existence of probable cause or articulable suspicion, are subject to a strip search. The Fifth Circuit, however, has held that a "strip search policy [that is] applied to minor offenders awaiting bond when no reasonable suspicion exist[s] that they as a category of offenders

or individually might possess weapons or contraband . . . [is] unreasonable and the policy [is] in violation of the Fourth Amendment." Stewart v. Lubbock County, Texas, 767 F.2d 153, 156-57 (5th Cir. 1985). The Fifth Circuit has also held that "[j]ail officials may strip search a person arrested for a minor offense and detained pending the posting of bond only if they possess a reasonable suspicion that he is hiding weapons or contraband." Kelly v. Foti, 77 F.3d 819, 821 (5th Cir. 1996).

Here, the court finds that genuine issues of material fact exist as to whether the County possessed the requisite reasonable suspicion to conduct a strip search of the Plaintiff, and that it cannot hold at this juncture that such suspicion existed. In fact, the Defendant that conducted the strip search himself testified during his deposition that he did not think that the Plaintiff had a weapon or drugs in his possession after conducting a pat-down search. See Comer Dep. at 18-20, 26-7. Given this, and pursuant to the above-cited authorities, the court finds that the portion of the Defendants' motion for summary judgment seeking dismissal of the Plaintiff's claim against the County is denied.

2. The Plaintiff's Claims against the Individual Defendants

Public officials, including city police officers, are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis, 468 U.S. at 194; Harlow v. Fitzgerald, 457 U.S. at 818; White v. Walker, 950 F.2d 972, 975 (5th Cir. 1991).

In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert, 500 U.S. at 230. Then, the court must determine whether the officer's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter, 502 U.S.

at 227; see Pfannstiel, 918 F.2d at 1183 (5th Cir. 1990)(If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

First, the Plaintiff asserts claims against Officer Comer for violation of the Plaintiff's rights for conducting a strip search of the Plaintiff during the period of time he was detained by Tishomingo County. Assuming, *arguendo*, that the Plaintiff has alleged the violation of a clearly established constitutional right, the court finds that Officer Comer's actions were not objectively unreasonable in light of clearly established law. He testified that Tishomingo County's strip search policy (discussed *supra*) was, as a matter of policy, enforced as written and that he strip searched every detainee who came to the jail. Given the technical nature of the law on this point, where detainees for minor offenses may be strip searched in some circumstances (although it is unclear at this juncture if those circumstances existed in this case), the court finds that Officer Comer's actions were not objectively unreasonable. As such, he is entitled to qualified immunity and the Plaintiff's claims against him shall be dismissed.

Next, as to the Defendant Glenn Whitlock, he was sued solely because he was the Sheriff of Tishomingo County at the time of the alleged incident and is admittedly responsible for implementing the County's strip search policy. He has been sued only in his individual capacity, however, and thus is entitled to qualified immunity if his actions regarding this incident were objectively reasonable (the Plaintiff having also sued Tishomingo County as a separate Defendant). Because Whitlock was not present during the subject arrest or strip search, the court finds that his actions were not objectively unreasonable and he is entitled to a grant of qualified immunity. See, e.g., Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997) (rejecting respondeat superior theory of liability in Section 1983

cases). Thus, the Plaintiff's claims against him shall be dismissed.

Finally, the court turns to the actions of Scott Hyde. The Plaintiff makes two separate allegations against Hyde, that he conducted an unconstitutional search of the Plaintiff's vehicle and that he wrongly placed a hold on the Plaintiff, thus preventing him from posting bond and being released from detention for twenty hours. As the Supreme Court has noted, however, in a warrantless arrest "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement [previously defined by the Court in Gerstein v. Pugh, 420 U.S. 103 (1975)]". County of Riverside v. McLaughlin, 500 U.S. 44, 53, 111 S.Ct. 1661, 1668, 114 L. Ed. 2d 49 (1991). Accordingly, the court finds that this claim fails to satisfy the first prong of the qualified immunity test because the Plaintiff has failed to allege the violation of a clearly established constitutional right. As for the Plaintiff's claim regarding Hyde's search of his vehicle, the court again finds that the Plaintiff has failed to allege the violation of a clearly established constitutional right. The Supreme Court, as well as the Fifth Circuit, has held that law enforcement officials can conduct a warrantless search of a vehicle incident to arrest, including impounding the vehicle and conducting an inventory search of its contents. See, e.g., New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L. Ed. 2d 768 (1981); South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L. Ed. 2d 1000 (1976); United States v. Castro, 166 F.3d 728, 733-34 (5th Cir. 1999). While Officer Hyde procured a warrant in this case, it was not necessary for him to do so in order to conduct a search of the Plaintiff's vehicle. As such, the court finds that the Plaintiff has failed to allege the violation of a clearly established constitutional right and that Hyde is entitled to a grant of qualified immunity. All pending federal claims against him in his individual capacity shall be dismissed.

## D. Conclusion

In sum, the Defendants' motion for summary judgment will be granted in part and denied in part. The Plaintiff's claims against Robbie Comer, Glenn Whitlock and Scott Hyde are dismissed because they have shown that there are no genuine issues of material fact and they are entitled to judgment as a matter of law on all of the Plaintiff's claims currently pending against them due to qualified immunity. The Defendants' motion is denied as to the Plaintiff's claim against Tishomingo County and that claim shall proceed to trial.

A separate order in accordance with this opinion shall issue this day.

This the 21st day of August 2007.

/s/ Glen H. Davidson
Senior Judge